**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                            :    Chapter 13

In re:                                    :

                                            :    Case No. 22-35747 (CGM)

      Kristy Delucia,                    :

                               Debtor.    :

                                            :
-----------------------------------------------------------------X

## MEMORANDUM DECISION GRANTING OBJECTION TO CLAIM

**A P P E A R A N C E S :**

Dennis Jose, on behalf of the Chapter 13 Trustee
Sean P. Williams, on behalf of Ford Motor Credit Company, LLC

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

### Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(B) (allowance of disallowance of claims against the estate).

### Background

Debtor's chapter 13 case was filed on November 29, 2022. The deadline for filing proof of claims was February 7, 2023. Ford filed its proof of claim on May 17, 2023. The chapter 13 trustee objected to the claim as being late. Ford filed opposition in which it admits that the claim

is late and asks the Court to treat its motion for relief from stay as in informal proof of claim.

## **Discussion**

This Court has previously ruled on this issue in *In re Egan*, 526 B.R. 111 (Bankr. S.D.N.Y. 2015). "Since 1994, the courts have almost uniformly ruled that proofs of claim that are untimely filed in a Chapter 13 case may not be deemed timely filed, and that the claimants thereunder should not take from, or be permitted to recover from, the debtor's estate under the Chapter 13 plan." *In re Daniels*, 466 B.R. 214, 217 (Bankr.S.D.N.Y.2011) (listing examples). This Court has consistently held that late claims are not permitted in chapter 13 cases. *In re Dumain*, 492 B.R. 140, 148 (Bankr.S.D.N.Y.2013) (holding that secured creditors must comply with the bar date imposed by Bankruptcy Rule 3002(c)).

The doctrine of informal proof of claim derives from the Second Circuit's holding that "it is not essential that a document be styled a 'proof of claim,' or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required." *In re Lipman*, 65 F.2d 366, 368 (2d Cir.1933); *Dumain*, 492 B.R. at 149 (citing *Lipman* ). The party seeking to use the informal proof of claim doctrine bears the burden of proof. *Dumain*, 492 B.R. at 149. While the Second Circuit has not provided a specific test, bankruptcy courts in this Circuit generally follow the following four-part test: To be an informal proof of claim, a document "must have been 1) timely filed with the bankruptcy court and become part of the judicial record; 2) state the existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4) evidence the creditor's intent to hold the debtor liable with the debt." *Dumain*, 492 B.R. at 149; *accord In re St. James Mech., Inc.*, 434 B.R. 54, 63 (Bankr.E.D.N.Y.2010); *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr.S.D.N.Y.2007).

However, a number of Courts of Appeals that have considered the informal proof of claim doctrine have added a fifth prong to the test: "[W]hether, given the particular surrounding facts of the case, it would be equitable to treat the document as a proof of claim." *In re Egan*, 526 B.R. 111, 114 (Bankr. S.D.N.Y. 2015) (CGM).  When analyzing the facts of a case under the fifth prong, courts consider whether the claimant is sophisticated; whether the claimant had actual notice of the bar date; and whether the claimant was intimately involved in the debtor's case. *In re Han–Hsien Tuan*, 2013 WL 5719505, at *5 (D.N.J. Oct. 21, 2013).  Courts considering this prong are less likely to employ the informal proof of claim doctrine where the creditor is represented by counsel as "[a]ttorneys practicing in bankruptcy court are with a general knowledge of the Federal Rules of Bankruptcy Procedure." *Id.* Courts are also less likely to employ the doctrine if permitting the late claim would significantly affect the payout to creditors with timely filed claims. *Id.*

Adding this fifth prong adheres more closely to the doctrine's original roots, which was to allow a defective claim that did not meet all of the formalities required to be a proof of claim and was not meant to legitimize what would otherwise be considered sloppy legal practice. *In re Fink*, 366 B.R. 870, 877 (Bankr. N.D. Ind. 2007) ("Properly confined, the informal claim doctrine can be applied liberally in order to honor the substance of the creditor's actions—the genuine attempt at filing a proof of claim—rather than allowing technical details of form to thwart the effort."); *see also Am. Classic*, 405 F.3d at 132 ("The distinction between formal and informal proofs of claim refers only, as the terms suggest, to their form, not their substance."). "The court should not begin with a filing that was consciously designed to serve one purpose and then find within that document a different purpose altogether, thereby legitimizing an otherwise untimely claim." *Fink*, 366 B.R. at 877. Adding this prong also makes sense in light of the fact

that late claims are not permitted in chapter 13 cases. *See Am. Classic,* 405 F.3d at 131 ("The modern formulation of the ... test ... reflects significant changes in the administration of bankruptcy over the last nine decades. Not only are modern bankruptcy courts themselves creatures of intervening statutes, but also, bankruptcy proceedings today ... are of a scale and complexity unforeseen in 1915. Bankruptcy proceedings are now governed by elaborate rules of procedure designed to make that scale and complexity manageable.").

Here, Ford Motor Credit does not meet this "fifth prong." Ford is a sophisticated creditor, it had actual notice of the bar date and was intimately involved in the Debtor's case. Ford filed a motion for relief from stay in this case so it is clear that it was aware of the case and the consequences for not filing a claim. Motions for relief from stay are so common that if the Court were to treat motions for relief from stay as substitutes for filing proofs of claim, very few secured creditors would be required to file formal claims. That would create chaos for the Court, the trustee and the debtor—who would have to scan dockets to determine every creditor who should be paid in a plan. The requirement that a creditor must file a claim in a chapter 13 case prevents just this type of chaos.

## Conclusion

For the foregoing reasons, the motion objecting to claim is granted. The chapter 13 trustee shall submit a proposed order within fourteen days of the issuance of this decision.



**Dated: September 26, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**